UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAM D. GOPAL | : CIVILACTION NO:3:19-CV-01810-VAB |
|     PLAINTIFF, | |
| V. | : |
| | |
| UNIVERSITY OF CONNECTICUT, | |
| SUSAN HERBST, CRAIG KENNEDY, | |
| JOHN ELLIOT, BRUCE GELSTON | : |
| AND STEPHANIE REITZ, | |
|     DEFENDANTS | :    FEBRUARY 5, 2020 |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:          November 14, 2019

Date Complaint Served:          December 5-6, 2019

Date of Defendants' Appearance:     December 23, 2019,

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel for the parties conferred by email and telephonically from commencing in December 2019 and continuing until today. The participants were James S. Brewer for the plaintiff, Nancy A. Brouillet for Defendants.[1]

**I.     CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsels further certify that they have forwarded a copy of this report to their clients.

---

[1] AAG Brouillet was on medical leave from December 26th – January 31st, delaying the finalizing of this this Report.

## II. JURISDICTION

### A. SUBJECT MATTER JURISDICTION

The Plaintiff alleges that the basis for the Court's subject matter jurisdiction is pursuant to Title 42 U.S.C §2000e-f(3), and Title 28 U.S.C. §§ 1331, 1343, 1367.

### B. PERSONAL JURISDICTION

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

This complaint is brought pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C.§ 2000e ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. The plaintiff alleges racial discrimination, retaliation and denial of due process and equal protection.

### A. CLAIMS OF PLAINTIFF

1. This is an action for sex discrimination, hostile work environment sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C.§ 2000 et. seq., and Constitutional claims of denial of due process and equal protection pursuant 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

### B. DEFENSES AND CLAIMS OF DEFENDANTS

The Defendants deny any wrongdoing. More specifically, the Defendants deny they violated any of the Plaintiff's rights. The Defendants assert that they exercised reasonable care to prevent and correct promptly any discriminatory, hostile, or

retaliatory behavior; and that the Plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. The Defendants had legitimate, non-discriminatory reasons for their actions. The Defendants have sought an extension of time to file a responsive pleading and intend to file a motion to dismiss by the February 10, 2019 deadline. Defendants reserve the right to assert further defense as they become apparent.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following facts are not disputed:

1. The Plaintiff, Ram D. Gopal is an Asian-American male, who was Operations Information Management GE Endowed Professor and Department Head at the University of Connecticut, School of Business, and was a resident of the State of Connecticut.

2. The Defendant, University of Connecticut ("UCONN") is a state agency of public higher educational established pursuant to Connecticut General Statutes § 10a-1.

3. The Defendant, Susan B. Herbst was the president of UCONN and a resident of the State of Connecticut.

4. The Defendant, Craig Kennedy was the Provost at UCONN.

5. The Defendant, John Elliot was the Dean of the School of Business at UCONN and a resident of the State of Connecticut.

6. The Defendant Bruce Gelston, Esq., was an investigator and Associate Compliance Officer at the Office of University Compliance at UCONN and a resident of the State of Connecticut.

7. The Defendant Stephanie Reitz, was the Spokeswoman at UCONN and a resident of the State of Connecticut.

8. Defendants' principal place of business and primary campus is located in Storrs, Connecticut.

V. **CASE MANAGEMENT PLAN**

   A. **STANDING ORDER ON SCHEDULING IN CIVIL CASES**

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

   B. **SCHEDULING CONFERENCE WITH THE COURT**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

   C. **EARLY SETTLEMENT CONFERENCE**

If a settlement conference is scheduled in the future, the parties prefer a settlement conference with a United States Magistrate Judge. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

   D. **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

1. Following service, the Defendants moved for a Motion for Extension of Time on December 23, 2019 (Docs. #10). This motion was granted on December 26, 2019 (Doc. #13). On January 21, 2020 the Defendants filed a second Motion for Extension of Time until February 10, 2020 to file a responsive pleading. That motion

4

was granted on January 27, 2020. The current Deadline for Defendants to file a Responsive Pleading is February 10, 2019.

### E. DISCOVERY

The parties anticipate that discovery will be needed on the following subjects: all of the plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties, and damages.

1. The parties anticipate that discovery will be needed on the following subjects:

    a. All subjects and issues fairly arising out of Plaintiffs' complaint including, but not limited to, claims for damages; and liability.

    b. All subjects and issues fairly arising out of Defendants' defenses to Plaintiff's claims including, but not limited to, Defendants' affirmative defenses and denial of claims for damages.

    c. The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced immediately and will be completed (not propounded) by January 15, **2021.**

3. Discovery will not be conducted in phases.

4. The parties have agreed to waive initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

5. The parties anticipate that Plaintiff will require approximately ten depositions of fact witnesses and Defendants will require approximately four depositions of fact witnesses.  The depositions of fact witnesses may commence at any time after the entry of this Scheduling Order by the Court and will be completed by **December 18, 2020.**

6. The parties may request permission to serve more than twenty-five interrogatories.

7. Plaintiffs may call expert witnesses at trial.  Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **September 11, 2020**.  Depositions of such experts will be completed by **January 4, 2021**.

    Defendants may call expert witnesses at trial.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **November 20, 2020.** Depositions of such experts will be completed by January 8**, 2021.**

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **September 25, 2020**.

10. Undersigned counsel has discussed the disclosure and preservation of electronically stored information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information.

        Unless otherwise agreed upon by the parties or ordered by the Court, both parties will make available any documents (if requested in the discovery process and otherwise non-objectionable) in electronic format and available for inspection in hard copy format for inspection by the other party or for copying at the other party's expense. The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure and applicable case law. Both sides agree to instruct the parties to preserve electronically stored records relating to this litigation. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  If one party receives (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, such party must provide written notification to the other party within 15 calendar days of the receipt of the same identifying such information and/or attaching such document(s) thereto.  In response, the disclosing party has 15 calendar days to provide written notification to the non-disclosing party that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s).  Alternatively, if the disclosing party is the one who initially learns that it has produced

(whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, the disclosing party must provide written notification to the other party within 15 calendar days of learning of the same that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s).

Upon the receipt of any attorney-client privilege or work-product protection claim from the disclosing party, the non-disclosing party must (within 15 calendar days of the receipt of the assertion of such claim) either: (a) agree in writing to the disclosing party's assertion of such claim and return to the disclosing party any original document(s)(and destroy and not retain any copies of such original document(s)) and never make use of or otherwise disclose or publicize in any manner during the course of the litigation or otherwise any such document(s) or information that is the subject of such claim; or (b) inform the disclosing party in writing that it objects to the assertion of such claim.  If the non-disclosing party objects or fails to respond to the assertion of such claim, then the non-disclosing party agrees not to make use of or otherwise disclose or publicize in any manner any such document(s) or information that is the subject of such claim until the Court is afforded the opportunity to review and decide upon such claim in response to the disclosing party's request for adjudication of such claim by the Court.

### F. <u>Dispositive Motions:</u>

Dispositive motions will be filed on or before **June 4, 2021** or sixty (60) days after discovery closes, whichever is later.

### G. <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **October 24, 2021**, or sixty (60) days after this court rules on any summary judgment motions, whichever is later.

## VI. TRIAL READINESS

The case will be ready for trial by **November 19, 2021**, or sixty (60) days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF,
Ram D. Gopal

By:/s/James S. Brewer (ct07019)
    James S. Brewer
    67 Russ Street
    Hartford, CT 06106
    Tel: (860) 217-0652
    jbreweratty@gmail.com

DEFENDANTS,

UNIVERSITY OF CONNECTICUT, SUSAN HERBST (OFFICIAL AND INDIVIDUAL CAPACITY), CRAIG KENNEDY (OFFICIAL AND

9

INDIVIDUAL CAPACITY), JOHN ELLIOT (OFFICIAL AND INDIVIDUAL CAPACITIES), BRUCE GELSTON (OFFICIAL AND INDIVIDUAL CAPACITIES), AND STEPHANIE REITZ (OFFICIAL AND INDIVIDUAL CAPACITIES)

WILLIAM TONG
ATTORNEY GENERAL

By: /s/ *Nancy A. Brouillet*
Nancy A. Brouillet
Assistant Attorney General
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Tel: (860) 808-5340
Fax: (860) 808-5383
E-mail: Nancy.Brouillet@ct.gov
Federal Bar # ct03138

## **CERTIFICATION**

I hereby certify that on the above date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

By: /s/ *Nancy A. Brouillet*
Nancy A. Brouillet
Assistant Attorney General

10