UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAM D. GOPAL, | : | CIVIL ACTION NO. 3:19CV01810(VAB) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT, | : | |
| SUSAN HERBST, CRAIG KENNEDY, | : | |
| JOHN ELLIOT, BRUCE GELSTON, | : | |
| AND STEPHANIE REITZ, | : | |
| *Defendants*. | : | OCTOBER 7, 2020 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, University of Connecticut, Susan Herbst, Craig Kennedy, John Elliot, Bruce Gelston, and Stephanie Reitz, (hereinafter "Defendants"), in the above-captioned matter answer to Plaintiff's Complaint as follows:

**I.  NATURE OF ACTION**

1.  Paragraph 1 is Plaintiff's characterization of this action and no response is required. To the extent a response is required, Defendants deny the allegations in the paragraph.

**II.  JURISDICTION AND VENUE**

2.  As to the allegation in paragraph 2, Defendants lack sufficient knowledge and/or information and leave Plaintiff to his proof to establish jurisdiction.

3.  As to the allegation in paragraph 3, Defendants lack sufficient knowledge and/or information and leave Plaintiff to his proof to establish venue.

**III.  PARTIES**

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

**IV.    FACTS APPLICABLE TO ALL CAUSES OF ACTION**

12. Defendants neither admit nor deny Paragraph 12 because it appears to contain Plaintiff's characterization of his claims and/or statements of law and does not contain factual allegations to which an answer is required.  To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law and/or an answer is required, Defendants deny the allegations.

13. Admitted.

14. Defendants deny the Plaintiff was terminated on August 29, 2018, and leave him to his proof as to the remaining allegations.

15. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

16. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

17. Denied.

18. Defendants admit that an investigation was initiated after an email complaint on December 14, 2017 was sent from UConnstaff@gmail.com to President Herbst, copying State Representative Melissa Ziobron, with the subject line, "#me too and state travel fund issues."  As to the remaining allegations, Plaintiff is left to his proof.

19. Denied, the December 14, 2017 specifically identified "business school OPIM department head", the position held by the Plaintiff.

2

20. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

21. Denied.

22. Denied.

23. Denied.

24. Admitted.

25. Denied.

26. Denied, the December 14, 2017 complaint specifically identified "business school OPIM department head," the position held by the Plaintiff at that time. As to the remaining allegations, the Plaintiff is left to his proof.

27. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

28. Denied.

29. Denied.

30. Defendants admit that Gelston submitted a Final Report on May 22, 2018. As to the remaining allegations, Plaintiff is left to his proof.

31. Denied.

32. Defendants neither admit nor deny this Paragraph because it appears to contain Plaintiff's characterization of his claims and/or statements and does not contain factual allegations to which an answer is required.

33. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

34. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

35. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

36. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

37. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

38. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

39. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

40. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

41. Defendants admit that on July 26, 2018, Dean Elliot made the recommendation to terminate the Plaintiff following the reports from investigations by the Office of Institutional Equity and Attorney Gelston. As to the remaining allegations, Plaintiff is left to his proof.

42. Defendants deny Plaintiff met with all the Defendants, but admit he had a meeting concerning the investigations of his conduct where he was represented by his union. As to the remaining allegations, Defendants, leave Plaintiff to his proof.

43. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

44. Defendants admit Plaintiff had vested for his pension at the time of his resignation in August 2018. As the term "full pension" is unclear, Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

45. Defendants admit Plaintiff had vested for his pension at the time of his resignation in August 2018. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

46. Defendants admit Plaintiff had vested for his pension at the time of his resignation in August 2018. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

47. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

48. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

49. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

50. Denied.

51. Denied.

52. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

53. Denied.

54. Defendants deny they acted improperly or in violation of the law and leave Plaintiff to his proof. Defendants deny the remainder of the allegations in this paragraph.

55. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

56. Defendants deny they acted improperly or in violation of the law and leave Plaintiff to his proof.

57. Denied.

58. Defendants deny this allegation, noting that Plaintiff is a "non-black."

59. Denied.

60. Defendants deny that any confidential information about this public figure was disclosed, and deny they acted improperly or in violation of the law and leave Plaintiff to his proof.

61. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

62. Defendants deny that any confidential information about this public figure was disclosed, and deny they acted improperly or in violation of the law and leave Plaintiff to his proof.

63. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

64. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

65. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

66. Defendants lack sufficient knowledge and/or information regarding what Plaintiff "has suffered" and therefore leave Plaintiff to his proof. Defendants deny the allegation in so far as it alleges that any of the Defendants caused Plaintiff "to suffer" anything.

## V. COUNT ONE – RACIAL DISCRIMINATION (TITLE VII) AGAINST UCONN

The individual Defendants do not respond to this Count because the allegations are not directed to them, and thus no response is required.

67. Defendant UConn incorporates as if fully set forth herein its answers to the preceding paragraphs of Plaintiff's complaint that he has incorporated in this paragraph. As to the allegation that Plaintiff was discriminated against based upon his race or national origin, or retaliated against, Defendant UConn denies the allegation. Defendant UConn neither admits nor denies the

6

remainder of the allegations in this paragraph because they are statements of law and do not contain factual allegations to which an answer is required. To the extent an answer to the remaining allegations is required, the allegations are denied.

68. Admitted.

69. Defendant UConn neither admits nor denies Paragraph 69 because it appears to contain Plaintiff's characterization of his claims and/or statements of law and does not contain factual allegations to which an answer is required.

70. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations. As to the remaining allegations, Plaintiff is left to his proof.

71. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations. As to the remaining allegations, Plaintiff is left to his proof.

72. Denied.

73. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations.

74. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations. As to the remaining allegations, Plaintiff is left to his proof.

75. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations. As to the remaining allegations, Plaintiff is left to his proof.

76. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations. As to the remaining allegations, Plaintiff is left to his proof.

77. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations. As to the remaining allegations, Plaintiff is left to his proof.

78. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations. As to the remaining allegations, Plaintiff is left to his proof.

79. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations. As to the remaining allegations, Plaintiff is left to his proof.

80. To the extent Plaintiff's statements in this paragraph suggest Defendant UConn acted improperly or in violation of the law and/or an answer is required, Defendant UConn denies the allegations. As to the remaining allegations, Plaintiff is left to his proof.

81. Defendant UConn lacks sufficient knowledge and/or information regarding when Plaintiff received the "Release of Jurisdiction" letter, and therefore leaves Plaintiff to his proof.

82. Defendant UConn lacks sufficient knowledge and/or information regarding when Plaintiff received the "Right to Sue" letter, and therefore leaves Plaintiff to his proof.

83. Defendant UConn lacks sufficient knowledge and/or information regarding what Plaintiff "has suffered" and therefore leaves Plaintiff to his proof. Defendant UConn denies the allegation in so far as it alleges that any of the Defendants caused Plaintiff "to suffer" anything.

84. Defendant UConn neither admits nor denies Paragraph 84 because it appears to contain Plaintiff's characterization of his claims and/or statements of law and does not contain factual allegations to which an answer is required.

### VI.   COUNT TWO – FOURTEENTH AMENDMENT DUE PROCESS

Defendant UConn does not respond to this Count because the allegations are not directed to Defendant UConn and thus no response is required.

85. Defendants incorporates as if fully set forth herein the answers to the preceding paragraphs of Plaintiff's complaint that he has incorporated in this paragraph.  As to the allegation that Plaintiff was discriminated against based upon his race or national origin, or retaliated against, Defendants deny the allegation.  Defendants neither admits nor deny the remainder of the allegations in this paragraph because they are statements of law and do not contain factual allegations to which an answer is required. To the extent an answer to the remaining allegations is required, the allegations are denied.

86. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

87. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

88. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

89. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

90. Denied.

91. Defendants lack sufficient knowledge and/or information regarding the allegation in this paragraph and therefore, leave Plaintiff to his proof.

92. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations.  As to the remaining allegations, Plaintiff is left to his proof.

93. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations.  As to the remaining allegations, Plaintiff is left to his proof.

94. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations.  As to the remaining allegations, Plaintiff is left to his proof.

95. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations.  As to the remaining allegations, Plaintiff is left to his proof.

96. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations.  As to the remaining allegations, Plaintiff is left to his proof.

97. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations.  As to the remaining allegations, Plaintiff is left to his proof.

98. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations.  As to the remaining allegations, Plaintiff is left to his proof.

99. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations.  As to the remaining allegations, Plaintiff is left to his proof.

100. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations. As to the remaining allegations, Plaintiff is left to his proof.

101. Defendants neither admits nor denies Paragraph 101 because it appears to contain Plaintiff's characterization of his claims and/or statements of law and does not contain factual allegations to which an answer is required.

102. Defendants neither admits nor denies Paragraph 102 because it appears to contain Plaintiff's characterization of his claims and/or statements of law and does not contain factual allegations to which an answer is required.

### VII. COUNT THREE – FOURTEENTH AMENDMENT EQUAL PROTECTION

Defendant UConn does not respond to this Count because the allegations are not directed to UConn and thus no response is required.

103. Defendants incorporates as if fully set forth herein the answers to the preceding paragraphs of Plaintiff's complaint that he has incorporated in this paragraph. As to the allegation that Plaintiff was discriminated against based upon his race or national origin, retaliated against, or denied due process, Defendants deny the allegation. Defendants neither admits nor deny the remainder of the allegations in this paragraph because they are statements of law and do not contain factual allegations to which an answer is required. To the extent an answer to the remaining allegations is required, the allegations are denied.

104. Defendants neither admits nor deny the allegations in this paragraph because they are statements of law and do not contain factual allegations to which an answer is required.

105. Denied.

106. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations. As to the remaining allegations, Plaintiff is left to his proof.

107. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations. As to the remaining allegations, Plaintiff is left to his proof.

108. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations. As to the remaining allegations, Plaintiff is left to his proof.

109. Denied.

110. To the extent Plaintiff's statements in this paragraph suggest Defendants acted improperly or in violation of the law, Defendants deny the allegations. As to the remaining allegations, Plaintiff is left to his proof.

111. Defendants neither admits nor denies Paragraph 111 because it appears to contain Plaintiff's characterization of his claims and/or statements of law and does not contain factual allegations to which an answer is required.

112. Defendants neither admits nor denies Paragraph 112 because it appears to contain Plaintiff's characterization of his claims and/or statements of law and does not contain factual allegations to which an answer is required.

### VIII. ACTUAL DAMAGES

113. Defendants neither admits nor denies Paragraph 113 because it appears to contain Plaintiff's characterization of his claims and/or statements of law and does not contain factual allegations to which an answer is required.

### IX.     PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the requested relief.  Further, Defendant specifically denies that a state agency is subject to injunctive relief since no individual state employee in his/her official capacity is an individual Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants had legitimate non-discriminatory, non-retaliatory reasons for any and all actions taken with regard to the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot obtain punitive damages against a state agency.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

The individual Defendants are shielded by the doctrine of qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

The individual Defendants are shielded by the doctrine of absolute immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants would have taken the same action regardless of any protected speech in accordance with *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).

Defendants reserve the right to assert additional defenses as they become known through discovery.

>
> DEFENDANTS,
> UNIVERSITY OF CONNECTICUT,
> SUSAN HERBST, CRAIG KENNEDY,
> JOHN ELLIOT, BRUCE GELSTON,
> AND STEPHANIE REITZ
>
> WILLIAM TONG
> ATTORNEY GENERAL
>
> By: */s/ Nancy A. Brouillet*
> Nancy A. Brouillet
> Assistant Attorney General
> 165 Capitol Avenue, Suite 5000
> Hartford, CT 06106
> Tel.:  (860) 808-5340
> Fax:  (860) 808-5383
> Email:  Nancy.Brouillet@ct.gov
> Federal Bar # ct03138

**CERTIFICATION**

I hereby certify that on October 7, 2020, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Nancy A. Brouillet*
Nancy A. Brouillet (# ct03138)
Assistant Attorney General