UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAM D. GOPAL, | : | Civil Action No. 3:19CV01810(VAB) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT, | : | |
| SUSAN HERBST, CRAIG KENNEDY, | : | |
| JOHN ELLIOT, BRUCE GELSTON, | : | |
| AND STEPHANIE REITZ, | : | |
| *Defendants.* | : | NOVEMBER 23, 2020 |

## DEFENDANTS' MOTION FOR DISCOVERY CONFERENCE

The Defendants, University of Connecticut, Susan Herbst, Craig Kennedy, John Elliot, Bruce Gelston, and Stephanie Reitz, (hereinafter "Defendants"), in the above-captioned matter move for a discovery conference to address the Plaintiff's failure to respond in accordance with the Federal Rules to the individual Defendants' interrogatories and production requests, provide a detailed privilege log in accordance with the Rules, and to obtain complete responses from Plaintiff to the Interrogatories and Production Requests dated April 22, 2020 (Defendants UConn and Gelston) and April 27, 2020 (Defendants Herbst, Kennedy, Elliot, and Reitz) after the Plaintiff's objections dated June 19, 2020.

Since the July 23rd Motion for a Discovery Conference, Plaintiff did provide responses to the Defendant Reitz's Interrogatories and Production Requests, however, he failed to provide an adequate privilege log as required by the Federal Rules despite making objections based on privilege.

Notably, Plaintiff has not addressed the long-standing concerns since the Defendants' July 23, 2020 motion for a discovery conference despite the parties jointly requesting that the Court postpone the scheduled August 17, 2020 conference so that they could confer further.

After repeated emails, Plaintiff's counsel agreed to confer telephonically today, but then canceled that conference after the scheduled start time and has not provided any date he is available.

1

Accordingly, the parties have made no progress in reaching a resolution of these issues which is necessary before the depositions commence.

**Nature of The Dispute**

Plaintiff has failed to respond to the Defendants' April interrogatories and production requests in accordance with the Federal Rules and Local Rules, by failing to respond at all to some requests, failing to provide the required privilege log[1], and has refused to provide any time frame for supplemental responses or to confer in that regard despite numerous attempts by the undersigned.

**Attempts to Confer to Resolve Dispute in Good Faith**

On July 9, 2020, Defendants' counsel communicated with the Plaintiff's counsel via email with respect to several of these particular issues. On July 20, 2020, Defendants' counsel again attempted to confer with Plaintiff's counsel in good faith with respect to these particular items and sent a detailed memorandum of law outlining the concerns raised to Plaintiff's counsel in great detail along with the applicable law. Counsel exchanged several emails and agreed to a telephonic conferral conference for July 24th at 11:00 a.m. Plaintiff's counsel did not contact the undersigned and the undersigned called and email, to no avail.

After multiple requests, Plaintiff's counsel did provide a "privilege log" on July 24th that was not in compliance with the Federal Rules. However, he had refused to respond to requests for a telephonic discussion or explained why he has refused to do so. Plaintiff refused to participate in the conferral conference set for today – a date and time he selected. Accordingly, the parties were unable to resolve their differences regarding the most basic requirements of the Federal Rules and Local Rules. Defendants then sought a discovery conference with the Court.

---

[1] After multiple requests, Plaintiff did provide a privilege log on July 24th, but not in compliance with the requirements of the Federal Rules.

2

Based upon Plaintiff's representation that he would review the responses, objections, and privilege log, the undersigned agreed to seek postponement of the August 17, 2020 discovery conference.

Despite numerous emails requesting responses in accordance with the Federal Rules since August 17th, and a telephonic conferral today, the Plaintiff has not agreed to provide any updated responses or a revised privilege log.

**Issues for Resolution**

The Plaintiff has named six defendants in this case and charges multiple, unique allegations against each one. The Defendants submitted six distinct sets of interrogatories and requests for production - one on behalf of the University of Connecticut, and one on behalf of each of the five individually named defendants. Many of the Plaintiff's claims involve multiple defendants, and each set of interrogatories is seeking to gather the facts on which the Plaintiff is relying to show how that *specific* defendant is involved.

    1.    **Failure to Provide a Detailed Privilege Log Despite Asserting Attorney-Client Privilege**

The production of a privilege log is **required** by both the Federal Rules of Civil Procedure and the District's Local Rules. *See* Fed. R. Civ. P. 26(b)(5)(A); D. Conn. L. Civ. R. 26(e).

While Defendants *requested* a privilege log as soon as possible, including by email on July 9, 2020 to bring to the Plaintiff's attention that this essential information was missing, an inadequate log was only provided on July 24th, without any details about the communications allegedly privileged.

Defendants have repeatedly advised Plaintiff that this log is not in accordance with the Federal Rules and sought the detailed log required to ascertain if a claim of privilege is appropriate. Despite repeatedly calling this to Plaintiff's attention – even last week – no effort has been made to supplement this log so that it complies with the Rules.

The Plaintiff asserted attorney client privilege in response to **1 interrogatory and 52 requests for production across five defendants**. Plaintiff's Responses to Defendants' Interrogatories and Requests for Production, *Gopal v. Univ. of Conn., et al.,* 3:19CV01810(VAB), (D. Conn.) (June 19, 2020) (*see* Response to UConn's Interrogatory 20 and Requests for Production 1, 10, 11, 12, 13, 14, 15, 16, 18, 25; Responses to Elliot's Requests for Production 1, 10, 11, 12, 13, 14, 15, 17, 18; Responses to Herbst's, Kennedy's, and Gelston's Requests for Production 1, 5, 6, 9, 10, 11, 12, 13, 14, 15, 18). Several of these objections appear to be moot because the request itself expressly requests the production of communications with respect to a particular subject with anyone *other than counsel. Id. (See* Responses to Herbst's, Kennedy's, Gelston's, and Elliot's Requests for Production 11, 12, 14, 15). Additionally, the interrogatory for which the Plaintiff claimed this privilege merely requested that he "state when plaintiff first consulted counsel in regard to the allegations of this lawsuit or the CHRO, and the name of that counsel" *Id.* (Response to UConn's Interrogatory 20). This request does not meet any of the three elements that the Plaintiff must show to establish privilege, as it is not even requesting any communications between client and counsel.

Further, Plaintiff did not provide a privilege log for the Reitz responses that were received after the original privilege log. However, he does assert the same claims of privilege.[2]

   **2.**   **General Failure to Comply with Rules 33 and 34**

The vast majority of the answers to interrogatories that the Plaintiff *does* provide still fail to meet the standards articulated by Rule 33 and affirmed by this Court. Rule 33(b)(3) provides unambiguously that "[e]ach interrogatory must, to the extent it is not objected to, be answered **separately and fully** in writing under oath." (emphasis added). Instead of answering each interrogatory in the required manner, the Plaintiff cites an objection then comments

---

[2] Following the filing on the July 23, 2020 Motion for a Discovery Conference, Plaintiff did respond to the April 2020 Reitz interrogatories and production requests in August.

"Notwithstanding objection: See above responses" as an answer to **60** distinct interrogatories across the five sets that he responded to. This form of referring to other interrogatories in lieu of providing a full answer is a tactic not permitted under Rule 33(b)(1).

Thus, for each of his responses to specific discovery requests, the Plaintiff should **"indicate whether documents are being withheld"** based on any objections, as the producing party **"does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection"**. *Jose Luis Pelaez, Inc. v. Scholastic Inc.*, No. 16-CV-2791 (VM) (RLE), 2017 WL 4776993, at *5 (S.D.N.Y. Oct. 19, 2017) (emphasis added); *see* Fed. R. Civ. P. 34, Advisory Comm. Notes to 2015 Amendment. In effect, this method of responses amounts to a failure to respond under Federal Rules. *See* Fed. R. Civ. P. 37(a)(4) ("An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"). Relying instead on boilerplate, **the Plaintiff has not explained why specific requests are overly broad, unduly burdensome, or entirely irrelevant**.

In fact, the Plaintiff recites the phrase "overly broad" phrase as an objection to most of the **distinct interrogatories or requests for production**. For example, the Plaintiff refused to produce documents or to respond that inspection will be permitted for **12 requests for production** by invoking both the objection "overly broad and vague" and the claim "not proportional".

3. **Failure to Respond to Craig Kennedy's and Bruce Gelston's Requests**

The Plaintiff submitted two documents that purport to be responses to Defendant Gelston's Interrogatories and Requests for Production and Defendant Kennedy's Interrogatories and Requests for Production respectively. However, this is an inaccurate representation as the content of both documents in *actuality addresses only the interrogatories and requests for production by Defendant Herbst*. While some of the interrogatories at first glance may seem similar, they are in fact substantively different requests that require distinct information. The request to "state the facts in support of the allegation

5

that any actions of Defendant **Herbst** involving the Plaintiff were based on the Plaintiff's color" is entirely different from the request to state the facts in support of the allegation that any actions of Defendant **Gelston** or Defendant **Kennedy** involving the Plaintiff were based on the Plaintiff's color. Despite this, the Plaintiff presented the interrogatory relating to Defendant Herbst in the place of all three interrogatories, and in doing so provided an answer to an inaccurate interrogatory The Plaintiff repeated this error for a plethora of interrogatories and requests for production. Many of the Plaintiff's claims involve multiple defendants, and the interrogatories are seeking to gather the facts on which the Plaintiff is relying to show how each *specific* defendant is involved. Therefore, the Plaintiff's responses to how the various allegations relate to Defendant Herbst is a fundamentally distinct response than how the same or similar allegations may relate to Defendants Kennedy or Gelston. Furthermore, Defendant Gelston's discovery requests include several entirely unique interrogatories that do not appear in any comparable form in any other Defendants' discovery requests.

The Plaintiff has also failed to provide any explanation for this lack of responses. The Defendants request responses to each of the interrogatories and requests for production actually made by Defendants Kennedy and Gelston, including but not limited to the examples included above, in accordance with Rules 33(b)(3) and Rules 34(b)(2)(B).

### 4. Documents That Are Not Already in Possession of Defendants

In response to three of the twelve aforementioned requests for production, the Plaintiff appends an additional objection that, beyond being "overly broad and vague" and "not proportional", the documents being requested are already in the possession of the Defendants. Plaintiff's Responses to Defendants' Interrogatories and Requests for Production. However, these requests ask for the Plaintiff to produce any communications with Melissa Burk referencing

Defendant Herbst[3] from 2015 to the present that are in the **Plaintiff's possession or control.** Given that the Plaintiff has failed to inform the Defendants whether any documents are being withheld as a result of this objection, the Defendants are deprived of the opportunity to participate in "an informed discussion of the objection". *See Jose Luis Pelaez, Inc. v. Scholastic Inc.*, No. 16-CV-2791 (VM) (RLE), 2017 WL 4776993, at *5 (S.D.N.Y. Oct. 19, 2017); *see* Fed. R. Civ. P. 34,

      **5.**      **Plaintiff's Objections to Relevance**

The Plaintiff refused to produce documents or to respond that inspection will be permitted to three requests for production on the basis that the information being sought was irrelevant. The first two of these requests seek to obtain records of employment of the Plaintiff from 2015 to the present. *Id* (Responses to UConn's Requests for Production 22, 23). Defendants are clearly entitled to this information as it relates directly to both the Plaintiff's mitigation of his loss of income due to his resignation, and the Plaintiff's assertions in his Complaint that Defendants' actions resulted in the Plaintiff's "inability to readily obtain comparable employment in his field". *See* Plaintiff's Complaint, *Gopal v. Univ. of Conn., et al.,* 3:19CV01810(VAB), (D. Conn.) (Nov. 15, 2019) (Compl. ¶ 61). Defendants therefore request complete responses to these requests and fully executed releases for all employers, including UConn, from 2015 to the present and continuing. The third request asks for communications with the Plaintiff's relatives **specifically** "relating to the facts of this case; any party to this case; plaintiff's emotional distress; or damages". Plaintiff's Responses to Defendants' Interrogatories and Requests for Production, *Gopal v. Univ. of Conn., et al.,* 3:19CV01810(VAB), (D. Conn.) (June 19, 2020) .The request is already narrowed to ensure relevance to the Plaintiff's allegations under this standard. To the extent that the Plaintiff objects to these requests being overly broad or not proportional, the burden rests on the Plaintiff to show the validity of these objections.

---

[3] These requests made by Defendant Gelston and Defendant Kennedy should have "Herbst" replaced with "Gelston" and "Kennedy" respectively. However, the Plaintiff erred by repeating the requests for production made by Defendant Herbst in his responses to Defendants Gelston and Kennedy.

For the reasons analyzed in earlier sections, the Plaintiff's boilerplate objections fail to meet the standards set by the Federal Rules, and the Defendants request responses to these discovery requests.

**6.     Definition of a Romantic Relationship**

The Plaintiff objects to the following interrogatory on the basis that the "definition of a 'romantic relationship'" is "not described, vague, and only intended to harass and annoy the plaintiff":

> 18. Please state the factual basis for the allegations in the Complaint that the individuals who were identified as comparators to the plaintiff (James Marsden; Rachel Greene; Cyndi Soucy; John Elliot; Glenn Harzewski; and Jim Calhoun) were alleged to have been engaged in a romantic relationship with a subordinate while employed at UConn.

Plaintiff's Responses to Defendant UConn's Interrogatories and Requests for Production, *Gopal v. Univ. of Conn., et al.,* 3:19CV01810(VAB), (D. Conn.) (June 19, 2020) (Interrogatory Response 18). The Plaintiff was investigated as the result of allegations that he had violated UConn's "Romantic Relationship Policy"[4] by engaging in an amorous relationship with a subordinate. This interrogatory is crucial to the Defendants' ability to evaluate to what extent the individuals whom the Plaintiff has named as comparators were in fact similarly situated to him. Therefore, the Plaintiff can refer to the definition of an amorous relationship utilized by UConn in its "Romantic Relationship Policy": an "intimate, sexual, and/or any other type of amorous encounter or relationship, whether casual or serious, short-term or long-term". Thus, with this clarification the Plaintiff should respond to this interrogatory fully.

**7.     Contention Interrogatories**

A party may not object to an interrogatory "merely because it asks for an opinion or

---

[4] The full name for this policy is the *Policy Against Discrimination, Harassment, and Related Interpersonal Violence*. It is referred to as the "Romantic Relationship Policy" in formal communication between UConn administrative officials and the Plaintiff regarding allegations of the Plaintiff's violation of the policy.

8

contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). These interrogatories are known as "contention interrogatories" and are "a perfectly acceptable form of discovery." *Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (citations omitted); *accord Doe v. Mastoloni*, 3:14CV-00718 (CSH), 2016 WL 347292, at *1 (D. Conn. Jan. 28, 2016) (observing that the FRCP Advisory Committee condones routine use of contention interrogatories. In the case at hand, the Plaintiff alleges that certain requests would require him to offer a legal conclusion. Plaintiff's Responses to Defendants' Interrogatories and Requests for Production, *Gopal v. Univ. of Conn., et al.,* 3:19CV01810(VAB), (D. Conn.) (June 19, 2020) (Responses to UConn's Interrogatory 14; Responses to Elliot's, Herbst's, Kennedy's and Gelston's Interrogatories 5, 6, 7,8, 9, 10a-e, 11). However, Defendants *are not asking for legal conclusions,* but rather for the Plaintiff to lay out the facts underpinning his own claims, as well as his understanding of certain issues. This distinction is made apparent through the construction of the relevant requests, all of which are phrased using structures such as "Please state the facts supporting the allegation that…" or "Please state the factual basis for the allegations that…". The interrogatories at issue are questions of *fact* about the allegations of the Complaint that do not request the basis for Plaintiff's legal claims. *See McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) ("[Contention interrogatories] may ask another party to indicate what it contends, **to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions**, or to explain how the law applies to the facts.") (emphasis added). Neither type of interrogatory is an improper legal question.

      Providing a response of generalities of how he feels or how he feels others were treated, or **simply directives to see prior responses,** is incomplete and an invalid response under the Federal Rules. This is especially true in the instances where specific dates of alleged actions, the specific actions alleged, and identification of specific persons involved were requested. For example, the

9

Plaintiff alleges that procedures enforced by the Defendants against the Plaintiff were ignored as to other non-minority employees *See* Plaintiff's Complaint, *Gopal v. Univ. of Conn., et al.,* 3:19CV01810(VAB), (D. Conn.) (Nov. 15, 2019) (Compl. ¶ 34). Even so, when requested merely to "identify the non-minority employees referenced in these paragraphs," the Plaintiff objected that, not only would this request require him to offer a legal conclusion, but that it was also "overly broad and vague" Plaintiff's Responses to Elliot's, Herbst's, Kennedy's, and Gelston's Interrogatories and Requests for Production, *Gopal v. Univ. of Conn., et al.,* 3:19CV01810(VAB), (D. Conn.) (June 19, 2020) (Interrogatory Response 11). Even though the request was to identify the specific employees to whom the Plaintiff was referring in **his own complaint**, the Plaintiff offered only one name and then vaguely referenced "many other faculty that defendants know in the department" *Id.* (Interrogatory Response 11).

**Dates and Times Counsel Are Available For A Telephonic Status Conference**

Defense counsel is available at any date and any time *except* for these dates:  November 24-November 30, December 4, December 10, December 11, December 16.

Thus, the Defendants respectfully move that this Court schedule a discovery conference to address these issues and so the progress of this litigation is not impeded.

>                         DEFENDANTS,
>
>                         WILLIAM TONG
>                         ATTORNEY GENERAL
>
> By:     /s/ *Nancy A. Brouillet*
>         Nancy A. Brouillet
>         Assistant Attorney General
>         165 Capitol Ave., Suite 5000
>         Hartford, CT 06106
>         Tel:  (860) 808-5340
>         Fax: (860) 808-5383
>         E-mail: Nancy.Brouillet@ct.gov
>         Federal Bar # ct03138

**CERTIFICATION**

I hereby certify that on November 23, 2020 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ *Nancy A. Brouillet*
Nancy A. Brouillet (#ct03138)
Assistant Attorney General