UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAM D. GOPAL | : CIVILACTION NO: |
|     PLAINTIFF, | : 3:19-CV-01810-VAB |
| V. | |
| UNIVERSITY OF CONNECTICUT, ET AL. | |
|     DEFENDANTS | : NOVEMBER 23, 2020 |

**OBJECTION TO DEFENDANTS'**
**MOTION FOR DISCOVERY CONFERENCE**

On November 23, 2020 defendants filed <u>another</u> 11 page "Motion for Discovery Conference" in which counsel falsely stated, inter alia, that "Plaintiff's failure to respond in accordance with the Federal Rules…" to individual defendants' Production Requests dated April 22, 2020 [ ] and April 27, 2020 (Defendants Herbst, Kennedy, Elliot and Rietz) after plaintiff's objections dated June 19, 2020."

**It should be noted that this motion mirrors, almost verbatim the previous unnecessary motion filed July 23, 2020.**

The motion, again, infers that plaintiff made no response to defendants' discovery, which is absolutely not true.  Plaintiff has informed defendants counsel that he was tied up with a deadline for depositions on Burns v. Rovella, 3:19cv00553 (JCH) and needed time to review the 9 page <u>memorandum</u> sent only recently on November 17, 2020 that is so convulted and vague and redundant, including a claim of "General failure to comply with Rules 33 and 34" that plaintiff's counsel asked defendants' counsel to get to the point so as not to unduly burden counsel and drive up the costs of this litigation.

Further, Plaintiff did not object (a mistake?) to defendants request for many months extension to comply with plaintiff's request for production.  This was in light of defendant's counsel's claim of medical problems and not being able to work. When produced finally on October 26, 2020, defendants' counsel responded with a confusing 12 page preamble of general objections and then objected to virtually every interrogatory and request for production.  Plaintiff will need to decipher these objections in order to then seek compliance.  The objections are set forth in a Forty-two (42) page document for each individual defendant.  It will take hours to simply understand these objections.

Defendants' counsel filed the motion in order to get around the requirements set forth in LR 37; ginning up a dispute that does not exist.

The renewed statement that plaintiff did not provide a privilege log is also false. It is not required, but was requested on July 9, 2020 (plaintiff was away at the time). Following the request plaintiff served the requested privilege log to defendants' counsel on Thursday July 23, 2020.  The defendant demands the log in some fashion they believe is required.

Strangely, in spite of the numerous voluminous documents, defendants' counsel emailed today stating inexplicably:

"You picked the date and time after I asked three times to confer to resolve the pending issues that have not been addressed since July 23rd. We need to confer or I will have to request a discovery conference. The failure to confer is delaying discovery.  Surely you have 15 minutes.

The three requests were all in the last days when it was made clear plaintiff's counsel was completing depositions as set forth above and a bench trial with Judge Arterton.

Therefore, plaintiff objects to the motion for a status conference, only in as much as it was granted based upon the manipulative statements of defendants' counsel. The plaintiff seeks to comply with LR 37 and avoid an unnecessary waste of the Court's time. A simple amount of return courtesy given the nature of solo practice was not considered by defendants' counsel, which seems to be a recurring hypocritical pattern which borders on harassment.

Respectfully Submitted,

PLAINTIFF

BY:   /s/ *James S. Brewer*
      James S. Brewer
      67 Russ Street
      Hartford, CT 06106
      860-217-0652
      Bar No. ct 07019
      jbreweratty@gmail.com

**CERTIFICATION**

I hereby certify that on the above date, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].

  /s/ *James S. Brewer*
JAMES S. BREWER